940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas HAILSTOCK, Plaintiff-Appellant,
v.
Grady A. WALLACE, Commissioner, South Carolina Department of
Probation, Parole & Pardon Services, Travis Medlock,
Attorney General of the State of South Carolina, in their
individual and official capacities, Defendants-Appellees.
 No. 90-7383.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1991.
Decided Aug. 13, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CA-89-2298)
 W. Gaston Fairey, Fairey & Parise, P.A., Columbia, S.C., for appellant.
 Carl Norman Lundberg, Chief Legal Counsel, Department of Probation, Parole and Pardon Services, Edwin Eugene Evans, Office of the Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 VACATED IN PART AND AFFIRMED IN PART.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Thomas Hailstock instituted this action pursuant to 42 U.S.C.A. Sec. 1983 (West 1981), claiming that passage of a state statute extending the time period between parole reconsiderations for violent offenders from one to two years violated the ex post facto clause, U.S. Const. art. I, Sec. 9, cl. 3. See S.C.Code Ann. Sec. 24-21-645 (Law.Co-op.1989). Hailstock sought injunctive and declaratory relief from incarceration and asserted a claim for monetary damages. The district court granted summary judgment in favor of defendants.
 
 
 2
 Hailstock brought suit against defendants in both their individual and official capacities. A section 1983 action seeking civil damages against state officials acting in their official capacities is inappropriate because they are not "persons" within the meaning of the statute. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Defendants contend that they are entitled to absolute or, in the alternative, qualified immunity with respect to the claims brought against them in their individual capacities. We need not reach the issue of absolute immunity because we find that the constitutional question presented is unsettled and they are at least protected by qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 3
 Hailstock's parole during the pendency of this appeal renders moot his claims for injunctive and declaratory relief. Accordingly, we vacate as moot the order of the district court on these claims and affirm the grant of summary judgment on the claim for monetary damages.
 
 
 4
 VACATED IN PART AND AFFIRMED IN PART.